IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:08-cv-45 |
| | ) | |
| Dwayne C. Moritz and | ) | |
| Karen C. Moritz, | ) | |
| | ) | |
| Defendants. | ) | |

### Memorandum Opinion and Order

Plaintiff United States of America has moved for summary judgment as to Dwayne C. Moritz and Karen C. Moritz (doc. #16). The United States claims that the Moritzes failed to make payment on a valid and enforceable guaranty to the Small Business Administration ("SBA"). Furthermore, the Moritzes' bankruptcy discharge did not extinguish SBA's right to foreclose its interest in the real estate mortgage granted to it by the defendants. Dwayne and Karen Moritz did not file a response to the United States' summary judgment motion. For reasons discussed below, the Court **GRANTS** the Plaintiff's motion.

## I.   Facts

Fancy Things Boutique, Inc., through Karen and Dwayne Moritz, as President and Vice President, executed a promissory note for $70,000 plus interest with the Community National Bank of Grand Forks, North Dakota on September 7, 1999. Karen and

1

Dwayne also executed an Unconditional Guarantee whereby they guaranteed repayment according to the note's terms.  The Moritzes also granted the Bank a mortgage in certain real estate.  After the note was assigned to SBA, Fancy Things failed to make timely payments and now is no longer operating as a business.  On October 14, 2004, Dwayne and Karen Moritz petitioned for bankruptcy relief and received a discharge on February 7, 2006. Accordingly, they are no longer personally liable for this debt.

The United States filed its Complaint on May 23, 2008, seeking to foreclose its interest in the real estate mortgage granted to it on September 7, 1999.  Fancy Things failed to file any responsive pleading.  Dwayne and Karen Moritz filed their Answer on July 24, 2008, which consisted solely of a statement that they did not agree with paragraph 8 of the Complaint. Paragraph 8 dealt with the Moritzes' bankruptcy discharge.  It stated that the United States was not seeking a deficiency judgment against the Moritzes because they were discharged of their personal obligation on the debt.  Rather, the U.S. sought to foreclose its interest in the property that was subject to the mortgage with Fancy Things.

## II.  Discussion

Summary Judgment is appropriate where there are no material questions of fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>Celotex Corp. v.</u>

2

Catrett, 477 U.S. 317, 322 (1986).  The moving party has the
burden to produce evidence showing the absence of a genuine
material fact, but it may meet this burden by showing an absence
of evidence to support the nonmoving party's case.  Celotex
Corp., 477 U.S. at 325.  The nonmoving party must then go beyond
the pleadings to show specific facts demonstrating a genuine
issue for trial.  Id. at 324.

The United States has offered evidence showing that
Defendants executed a promissory note, an unconditional guaranty,
and a mortgage to the United States in exchange for a loan.
Fancy Things failed to make payments in accordance with these
terms.  Finally, the Defendants still owe $71,982.43 to the
United States, and proper service notified the Defendants of the
United States' intention to foreclose.

The only response from the Moritzes to the United States'
claim was given in their Answer when they asserted that they did
not agree with paragraph 8 of the Complaint.  They provided no
response to the summary judgment motion.  While the Moritzes
challenged paragraph 8 relating to their bankruptcy discharge,
the United States is not seeking a deficiency judgment against
them for that very reason.  Whatever their reasons are for not
agreeing with paragraph 8, their bankruptcy discharge did not
affect the security interest granted to the United States.  See
Johnson v. Home State Bank, 501 U.S. 78, 82-83 (1991) (noting

3

that a bankruptcy discharge "extinguishes only the personal liability of the debtor").

Based on the above, it is clear that the United States is entitled to judgment as a matter of law and the defendants have failed to show a genuine issue for trial, as they are required to do under Rule 56.  Since the United States is only seeking to foreclose their interest in the real estate mortgage granted to it, and is not seeking a deficiency judgment, the defendants have no valid objection to paragraph 8 of the Complaint.  The Court thus **GRANTS** the United States' Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated this 13th day of November, 2008.


RODNEY S. WEBB, District Judge
United States District Court